CLD-268                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2386
_____

TAMMY YORI,
                                Appellant

v.

JUDGE STEPHANIE DOMITROVICH;
BRADLEY K. ENTERLINE;
MICHAEL RUIZ, DPM

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:15-cv-00083)
District Judge:  Honorable Barbara Jacobs Rothstein (sitting by designation)

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2016
Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  June 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

On March 18, 2015, Tammy Yori, representing herself, sought to file an in forma pauperis ("ifp") complaint to allege that all of her civil and constitutional rights were violated earlier that day in a proceeding at the Erie County Court of Common Pleas. Specifically, she claimed that her ex-husband, his lawyer, and a Court of Common Pleas judge denied that she had an active appeal in our court and lied when they stated that her federal appeals and one of her district court cases had been dismissed.

The District Court concluded that Yori qualified financially for ifp status, but that her complaint violated Rule 8 of the Federal Rules of Civil Procedure, failed to state a claim, and sought damages against a defendant who is immune from such relief. The District Court granted Yori leave to amend her complaint but notified her that future failure to comply with Rule 8 would result in dismissal of her suit.

Within a motion for extension of time to file an amended complaint, Yori included (in the event her motion was denied) an amended account of her claims. She alleged that the Erie Court of Common Pleas and the Bankruptcy Court for the Western District of Pennsylvania "took all of [her] civil and constitutional rights from [her]." She claimed that her ex-husband and others committed some sort of fraud "in disclosing facts" or "reporting to the United States Supreme [sic]." She further alleged that "the Court allowed" her ex-husband to abuse her. She submitted lengthy exhibits (including the transcript of the March 18, 2015 proceedings in the Erie County Court of Common Pleas) in support of her filing.

The District Court concluded that the amended complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure and dismissed it. Yori appeals.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. While we exercise plenary review over the District Court's dismissal of a complaint, see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), we review the District Court's dismissal of a complaint for failure to comply with Rule 8 for an abuse of discretion. See In re Westinghouse Sec. Litig., 90 F.3d 696, 702 (3d Cir. 1996). Summary action is appropriate when, as in this case, no substantial issue is raised on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Even construing Yori's allegations liberally because she is a pro se litigant, see, e.g., Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), it cannot be said that she met the basic pleading requirements. Rule 8 requires, inter alia, a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Her claims were broad and vague; they were not "'simple, concise, and direct.'" In re Westinghouse Sec. Litig., 90 F.3d at 702 (quoting Rule 8(e)). Her amendment was even more difficult to understand than her initial complaint, and neither it nor the initial complaint was drafted in a way to put the defendants on notice of the claims against them. For these reasons, the District Court did not abuse its discretion in dismissing Yori's complaint without further leave to amend. See Bell Atl. Corp. v.

---

[1] We allow her to proceed ifp on appeal.

Twombly, 550 U.S. 544, 555 (2007) (explaining that although "detailed factual allegations" are not required, there must be "enough to raise a right to relief above the speculative level"); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (discussing Twombly and noting that the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We will affirm the District Court's order.