ALD-208                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1090
_____

In re: MICHAEL A. RUIZ a/k/a/ Michael Ruiz,
a/k/a Miguel A. Ruiz d/b/a Lake Erie Podiatry, LLC, Debtor

TAMMY YORI,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-18-cv-00179)
District Judge:  Honorable Susan Paradise Baxter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 6, 2019
Before:  MCKEE, SHWARTZ, and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 23, 2019)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tammy Yori appeals from the order of the District Court dismissing her bankruptcy appeal for failure to file a brief. We will affirm.

I.

Yori has frequently and largely unsuccessfully litigated claims against her former husband Michael Ruiz (and against judges and others involved in that litigation) pro se in state and federal court. See, e.g., Yori v. Domitrovich, 654 F. App'x 52, 53-54 (3d Cir. 2016) (not precedential) (per curiam) (affirming dismissal of a complaint).

This appeal arises from Ruiz's Chapter 13 bankruptcy. In 2015, Yori filed a claim in that proceeding. She sought an unspecified amount for alleged improprieties during a state-court mortgage foreclosure action against the couples' former home and for spousal support. The Bankruptcy Court already had addressed those matters.[1] Ruiz objected to Yori's claim on the grounds, inter alia, that it was almost two years late and did not set forth any discernible claim against the estate. Yori did not respond, and the Bankruptcy Court sustained the objection and disallowed her claim.

Ruiz ultimately completed his obligations under his Chapter 13 plan, and the Trustee filed a motion for approval of report and disbursements. Yori objected, so the Bankruptcy Court scheduled a hearing for April 3, 2018. During that almost two-hour hearing,

---

[1] The Bankruptcy Court granted the mortgagee's motion for relief from the automatic stay to pursue the foreclosure action. Ruiz had no equity in the home, and it was not otherwise at issue during the bankruptcy. As for spousal support, the Bankruptcy Court—with Yori's agreement—allowed Ruiz to amend his plan to remove that issue from the bankruptcy so that Yori and Ruiz could litigate it in state court. The state court ultimately terminated Ruiz's support obligation and found that he had overpaid.

the Bankruptcy Court allowed Yori to speak at great length. The Bankruptcy Court then granted the Trustee's motion and granted Ruiz a discharge. The Bankruptcy Court later entered a final decree closing the bankruptcy. Yori filed a "motion for reconsideration or appeal." The Bankruptcy Court treated it as a notice of appeal but also explained that reconsideration was not warranted.

Yori's appeal was docketed with the District Court on June 18, 2018, and her brief was due by July 18, 2018. See Fed. R. Bankr. P. 8018(a)(1). On that date, Yori filed a document titled "motion of specific orders" in which she requested various forms of relief. The District Court denied them but sua sponte granted Yori an extension until July 30 to file her brief. The District Court also advised her that no further extensions would be granted. Yori appealed that order to this Court, and we dismissed her appeal because the order was not immediately appealable. (C.A. No. 18-2680, Dec. 4, 2018.)[2]

Meanwhile, Yori did not file her brief by July 30. Thus, about a month later, the District Court ordered her to show cause why it should not dismiss her appeal. Yori filed a response in which she did not address her failure to file a brief[3] or provide any indication that she intended to file one in the future. Instead, she accused the District Judge of bias,

---

[2] We previously had dismissed eleven of Yori's other appeals in other matters for the same reason. See C.A. Nos. 15-1289 through 15-1297, 15-1370 & 15-2385.

[3] Yori asserted that she had not been able to file a brief in previous appeals to this Court because "the pressure was inhumane" and "I could not get my paperwork in without constant harm" (ECF No. 9 at 4-5), but she provided no specific reason for not having filed a brief with the District Court. Yori's reference to previous appeals to this Court appears to be to the four appeals that we, like the District Court in this case, dismissed for Yori's failure to file a brief. See C.A. Nos. 15-1500, 15-1527, 15-2103 & 15-2192.

3

requested his recusal, and recited a litany of allegations that were not relevant to any issue potentially before the District Court.

After reassignment of the matter to a different District Judge, the District Court dismissed Yori's appeal pursuant to Fed. R. Bankr. P. 8018(a)(4) for failure to file a brief. In doing so, the District Court considered the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868-70 (3d Cir. 1984), and it concluded that all of them weighed in favor of dismissal. Among other things, the District Court considered the possibility of lesser sanctions but concluded that, in the context of a bankruptcy appeal by an indigent pro se litigant, the only effective sanction was dismissal. The District Court also concluded that nothing in Yori's submissions suggested that her appeal had any merit. As the District Court explained, "[n]owhere in her various submissions does Yori squarely identify, much less address, the specific bankruptcy issues that she is appealing, nor does she identify . . . the parts of the record that support her position[.]" (ECF No. 15 at 7-8.) Yori now appeals to us.[4]

II.

---

[4] The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1), and we have jurisdiction pursuant to 28 U.S.C. §§ 158(d)(1) and 1291. We review the District Court's dismissal of a bankruptcy appeal for failure to file a brief only for abuse of discretion. See In re Jewelcor Inc., 11 F.3d 394, 397 (3d Cir. 1993). The District Court relied on one of our non-precedential decisions in concluding that its dismissal of a bankruptcy appeal is governed by Poulis. We have never so held in a precedential opinion, and there may be room to argue that District Courts have broader discretion to dismiss a bankruptcy appeal than they do to dismiss an original action. See id. (mentioning only one factor and citing In re Braniff Airways, Inc., 774 F.2d 1303, 1305 (5th Cir. 1985)). We need not consider that possibility in this case because the Poulis standard is more protective of a litigant's rights and, as we explain, the District Court did not abuse its discretion in applying it here.

4

We will affirm. Having carefully reviewed the record, we cannot say that the District Court abused its discretion for the reasons that it thoroughly explained. Even if there were room to analyze some of the Poulis factors somewhat differently, not all of them need weigh against a litigant to warrant dismissal, see Hildebrand v. Allegheny County, 923 F.3d 128, 132 (3d Cir. 2019), and we ultimately cannot say that the District Court abused its discretion under the circumstances presented here.

Yori raises three issues that we will address. First, she asserts that the District Court's dismissal violated our order dismissing her interlocutory appeal at C.A. No. 18-2680. In that order, we wrote that the order appealed was not final under 28 U.S.C. § 1291 because, inter alia, Yori's case "is proceeding in the District Court." Yori argues that we thereby directed the District Court to proceed with her bankruptcy appeal. Our order, however, merely noted that her bankruptcy appeal remained proceeding at that time. We did not direct the District Court to rule on the merits of that appeal, in the face of Yori's failure to file a brief or otherwise. Nor did Yori's interlocutory appeal to this Court divest the District Court of jurisdiction to conduct a show-cause proceeding. See Venen v. Sweet, 758 F.2d 117, 121 (3d Cir. 1985).

Second, Yori has filed a motion asking us to listen to a recording (which she has provided) of the April 3 Bankruptcy Court hearing. She claims that the recording contains evidence that neither Ruiz nor the Trustee intended to make payments toward the former marital home as allegedly ordered by an unspecified court and that she "was to be awarded 60% of the home sale at a minimum." The recordings contains no such evidence. Nor

5

does it otherwise suggest that Yori's bankruptcy appeal had any potential merit or provide any other reason to disturb the District Court's ruling.

Finally, Yori cites without explanation Butner v. United States, 440 U.S. 48 (1979), and In re Ruitenberg, 745 F.3d 647 (3d Cir. 2014). Butner holds that the extent of certain security interests asserted in bankruptcy is governed by state law. See Butner, 440 U.S. at 53-54. Ruitenberg holds that "a non-debtor spouse has an allowable pre-petition claim against the debtor's bankruptcy estate for equitable distribution of marital property when the parties are in divorce proceedings before the bankruptcy petition is filed." Ruitenberg, 745 F.3d at 653. These decisions have no apparent bearing on Yori's bankruptcy claim, which did not seek equitable distribution of marital property. In any event, these decisions likewise provide no reason to disturb the District Court's ruling.

### III.

For these reasons, we will affirm the judgment of the District Court. Yori's "motion to review new discovery" is granted.[5] To the extent that any of Yori's filings can be construed to request any other relief, her requests are denied.

---

[5] Yori asks us to review the recording of the Bankruptcy Court's April 3 hearing which, as noted above, we have done. Yori appears to claim that the recording she submitted by flash drive to us is a "new discovery of [an] updated recording" that differs from the recording she submitted by CD to the District Court. We see no indication that such is the case. In any event, we have considered the recording in reaching our disposition.

6